UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICOLA MAYNE,                                   :
                Petitioner,           :
       v.                                              :     **MEMORANDUM & ORDER**
                                                    :     11-CV-269 (WFK)
UNITED STATES OF AMERICA,                       :
                Respondent.          :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Nicola Mayne ("Petitioner"), proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed on her in this district following her pleas of guilty to one count of conspiracy to import at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii), and one count of making a false statement in an application for a passport, in violation of 18 U.S.C. §§ 1542. On April 24, 2009, District Judge Sandra L. Townes sentenced Petitioner to two consecutive terms of imprisonment of sixty (60) months and twelve (12) months, for a total of seventy-two (72) months, to be followed by two concurrent terms of supervised release of five (5) years and three (3) years. On January 13, 2011, Petitioner filed the instant motion to vacate her sentence, pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, ineffective assistance of counsel on multiple grounds. For the reasons that follow, Petitioner's motion is DENIED as moot.

## BACKGROUND

Following Petitioner's pleas of guilty to one count of conspiracy to import at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii), and one count of making a false statement in an application for a passport, in violation of 18 U.S.C. §§ 1542, she was sentenced by District Judge Sandra L. Townes on April 24, 2009. *United States v. Mayne*, 05-CR-859-SLT, ECF No. 305; *United States v. Mayne*, 08-CR-793-SLT, ECF No. 9. Judge Townes sentenced Petitioner to two consecutive terms of imprisonment of sixty (60) months and twelve (12) months, for a total of seventy-two (72) months, to be followed by two terms of

supervised release of five (5) years and three (3) years.[1] 05-CR-859, ECF No. 306; 08-CR-793, ECF No. 10.

On January 13, 2011, Nicola Mayne filed the instant petition, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, among other claims. Petition, ECF No. 1. Specifically, Petitioner alleges that her former counsel Jeffrey Gutman "advi[s]ed petitioner to accept [a] guilty plea with promises of being given probation"; "allowed [her] to make incriminating statements to the prosecutor"; and "failed to explain to [Petitioner] possible career offender status[.]" Petition at 4-5. On January 25, 2011, an Order to Show Cause was issued by Judge Townes. ECF No. 2.

On March 10, 2011, the Government filed a letter seeking an extension of time to respond to the petition and also seeking a court order to compel Petitioner's counsel to provide an affidavit in response to Petitioner's allegations of ineffective assistance of counsel. ECF No. 4. Judge Townes granted this request on September 11, 2017, and ordered Petitioner's former attorney to file an affidavit responding to the ineffective assistance of counsel claim. This Order, sent by mail to Petitioner by the Court, was returned undeliverable on September 25, 2017, as Petitioner is no longer an inmate at the Federal Correctional Institution-Danbury, where she had been incarcerated. ECF No. 6. This case was reassigned from Judge Townes to the undersigned on February 20, 2018.

## DISCUSSION

"In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (citing *United States v. Brilliant*, 274 F.2d 618, 620 (2d Cir. 1960)

---

[1] Pursuant to 18 U.S.C. § 3624(e), multiple terms of supervised release shall run concurrently.

2

("A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody."), *cert. denied*, 363 U.S. 806 (1960)). "Where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot." *Califano v. United States*, 00-CV-543, 2005 WL 1379018, at *1 (E.D.N.Y. June 7, 2005) (Johnson, J.); *see also Guzman v. United States*, 05-CV-2691, 99-CR-1036, 2007 WL 1821698, at *1 (S.D.N.Y. June 26, 2007) (Peck, M.J.) (holding § 2255 motion, which was "entirely directed to sentencing issues," moot when defendant served his full prison sentence and had been deported). "Unlike the 'in custody' requirement, mootness is not fixed at the time of filing but must be considered at every stage of habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (citation omitted); *see also Chevron Corp. v. Donziger*, 833 F.3d 74, 124 (2d Cir. 2016) (finding that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (emphasis and internal quotations omitted) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

Here, Petitioner was sentenced to two terms of imprisonment of sixty (60) months and twelve (12) months, set to run consecutively for a total of seventy-two (72) months, to be followed by two concurrent terms of supervised release of five (5) years and three (3) years. Petitioner filed her petition on January 13, 2011. Petitioner completed her sentence and was released from prison on June 28, 2013.[2] At the time of Petitioner's filing of her § 2255 petition, this Court's jurisdiction was proper because Petitioner was in prison.

Typically, a claim brought under the authority of § 2255 would not be moot, even if the petitioner was not in prison at the time of filing, because a term of supervised release constitutes

---

[2] Federal Bureau of Prisons, Inmate Locator BOP Reg. No. 26165-038, *available at* https://www.bop.gov/inmateloc/.

3

"custody" for purposes of § 2255. *Scanio*, 37 F.3d at 860. Here, however, Petitioner's claim is moot, because her five-year term of supervised release, which ran concurrently with the three-year term of supervised release, has expired. Petitioner's term of supervised release commenced on June 28, 2013—the day she was released from imprisonment—and ended, five years later, on June 28, 2018. *See* 18 U.S.C. § 3624(e). Accordingly, this Court cannot afford Petitioner the relief she seeks as her claim is now moot.

## CONCLUSION

For the reasons set forth above, Petitioner's Section 2255 motion is DENIED as moot. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2018
      Brooklyn, New York